COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:  In re International Agencies Co., LTD.

Appellate case number: 01-16-00383-CV

Trial court case number: 13FD0848

Trial court:    306th District Court of Galveston County

On May 12, 2016, this Court's Order granted relator's motion to stay the trial court's "Order on Receiver's Motion for Judgment in Rem," entered on May 6, 2016, pending disposition of its mandamus petition. This Court's Order further requested a response by any real party in interest to the mandamus petition filed by relator, International Agencies Co., LTD. ("IACL"), which sought to vacate that May 6, 2016 order and to enter judgment granting IACL's special appearance, which had been denied in a written order signed on May 5, 2016.

On July 27, 2016, one of the real parties in interest, Winnie Stacey Alwazzan ("Winnie"), filed an emergency motion for temporary relief under related appellate cause number 01-16-00589-CV. Winnie's motion requests that this Court stay the trial court's "Order Vacating May 6, 2016 Order For Judgment in Rem," signed on July 21, 2016, after a hearing held on July 19, 2016, pending this Court's disposition of its notice of appeal from that order. Winnie's motion also referred to real party in interest Isa Ali Alwazzan's plea to the jurisdiction and motion for new trial, which was similarly set for the July 19, 2016 hearing.

According to the trial clerk's website, the trial court's "Order Granting Isa Ali Alwazzan's Plea to the Jurisdiction," also signed on July 21, 2016, sustained his plea to the jurisdiction. The trial court further determined, among other things, that it lacked personal jurisdiction over IACL and it vacated all other related orders, which may include the May 5, 2016 order denying IACL's special appearance. Although Winnie's motion was filed under 01-16-00589-CV and did not attach any orders, it arose from the

underlying trial court cause number 13FD0848 and referred to the above mandamus petition, which now appears to be moot. Thus, it appears that this Court may no longer have jurisdiction because relator has received all the relief requested in its petition. *See Tex. A&M Univ.–Kingsville v. Yarbrough*, 347 S.W.3d 289, 290–91 (Tex. 2011); *see, e.g.*, *In re Jackson*, No. 01-12-00020-CV, 2012 WL 405707, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, orig. proceeding) (mem. op.) (dismissing mandamus petition as moot after relator received relief requested).

Accordingly, the Court **orders** relator to file a certified or sworn copy of the "Order Vacating May 6, 2016 Order For Judgment in Rem" and the "Order Granting Isa Ali Alwazzan's Plea to the Jurisdiction," both signed on July 21, 2016, in a supplemental record with the Clerk of this Court within **10 days** from the date of this order. *See* TEX. R. APP. P. 52.7(b). The Court further notifies relator that the Court may dismiss this petition as moot unless relator files a written response showing how this Court still has jurisdiction. *See Yarbrough*, 347 S.W.3d at 291; *cf.* TEX. R. APP. P. 42.3(a). The response, if any, shall be filed within **10 days** from the date of this order.

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>
                ☒ Acting individually

Date: <u>August 2, 2016</u>